IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CONNIE HOIDAS, <br> Plaintiff, <br> v. <br> WAL-MART STORES, INC. AND ROBERT COONRADT, <br> Defendants. | No. 09 C 7409 <br><br> The Honorable William J. Hibbler |

## MEMORANDUM OPINION AND ORDER

In May 2009, Connie Hoidas was injured in the parking lot of a Wal-Mart Store, allegedly because of a dangerous condition in that parking lot. Hoidas then sued both Wal-Mart Stores, Inc. and the manager of the store at which she fell, Robert Coonradt. Wal-Mart removed the case to this Court and Hoidas moves to remand, arguing that the Court lacks jurisdiction because the parties are not diverse and because she seeks less than the jurisdictional minimum.

Wal-Mart is a Delaware Corporation with its principal place of business in Arkansas, so it is a citizen of both Delaware and Arkansas. Coonradt and Hoidas are citizens of Illinois. Typically, the fact that Coonradt and Hoidas are citizens of the same state would negate this Court's jurisdiction and require a remand to the state court. However, although a plaintiff may choose her own forum, she may not join a nondiverse defendant simply to destroy diversity jurisdiction if she has no legitimate claims against that defendant. *Schur v. L.A. Weight Loss Ctrs, Inc.*, 577 F.3d 752, 763 (7th Cir. 2009). The fraudulent joinder doctrine therefore allows a district court considering removal to temporarily assume

1

jurisdiction over a case to determine whether a defendant has been fraudulently joined and dismiss him if he is so joined to retain jurisdiction permanently. *Id.*

To establish fraudulent joinder, a defendant must demonstrate that there is no reasonable possibility that the plaintiff could prevail against the non-diverse defendant. *Id.* at 764. The court must resolve issues of fact and law in favor of the plaintiff and so the standard the court applies is more stringent than the that applied to a motion to dismiss under Federal Rules of Civil Procedure 12(b)(6). *Id.* Thus, the Court must look to state law to determine whether Hoidas could prevail on her negligence claim against Coonradt.

Wal-Mart argues that Coonradt's only connection to the cause of action is that he is the manager of a Wal-Mart store, and while an employer may be vicariously liable for the acts of its employee's, the reverse is not true. Wal-Mart is correct, to an extent. An employer is vicariously liable of an agent's misconduct performed within the scope of his employment. *Pyne v. Witmer*, 129 Ill.2d 351, 543 N.E.2d 1304, 1308 (Ill. 1989). Wal-Mart, however, implies that "Coonradt, as an agent of Wal-Mart, would not be personally liable for any tort that he may have performed while working within the scope of his employment." (Resp. at 6). That statement reaches to far.

As Wal-Mart suggests, an agent who breaches a duty solely to the principal is not independently liable to an injured third party. *Bovan v. Am. Family Life Ins. Co.*, 386 Ill. App.3d 933, 897 N.E.2d 288, 295 (Ill. App. ct. 2008). An agent's contract with a principal, however, *neither exposes nor protects* him from liability to third persons; rather "his common-law obligation to so use that which he controls as not to injure another . . . is neither increased nor diminished by his entrance upon the duties of agency." *Baird v. Shipman*, 132 Ill. 16, 23 N.E.384 (1890). Coonradt remains liable for his own acts. In other words, to determine whether Hoidas has a reasonable possibility of prevailing against Coonradt,

2

the Court must determine whether Coonradt owed her a duty to inspect and maintain the parking lot in which she fell.

The law of agency does not impute a duty that the principal owes to a third party onto an agent. *See Bovan*, 897 N.E.2d at 295; *Stein v. Rio Parismina Lodge*, 296 Ill. App. 3d 520, 695 N.E.2d 2d 518, 522 (1998); *Northrop v. Loptaka*, 242 Ill. App.3d 1, 610 N.E.d2d 806, 810 (1993). Instead, the duty of care flows from the relationship between the parties. *Bovan*, 897 N.E.2d at 294. Thus, a claim with a reasonable possibility to succeed must at least suggest an independent duty that the defendant owes to the plaintiff. Hoidas, however, points to no potential duty that Coonradt owed to her, nor could she. The parking lot in which she was injured belonged to Wal-Mart, not to Coonradt. Her mere formulaic recitation that Coonradt owed a duty "to exercise a reasonable degree of care in caution in the inspection of their premises" is not sufficient to meet the pleading standard set forth in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007). Hoidas seems to suggest that she can point to a duty owed to her by Coonradt because a corporate officer need not have actively participated in the tort before he can be held personally liable. *See* Mot. to Remand at 3. This may be so, but nothing in Hoidas's pleadings demonstrates that Coonradt was a corporate officer. Instead, he merely managed a particular Wal-Mart store.

The Court concludes that Hoidas's does not have a reasonable possibility that an Illinois court would recognize her negligence claim against Coonradt because he owes her no duty. The Court therefore DISMISSES Hoidas's claims against Coonradt pursuant to Fed. R. Civ. P. 21.

Hoidas argues that even absent her claims against Coonradt that this Court lacks jurisdiction because the value of her claims does not exceed $75,000. In support, Hoidas points to a response that she filed in the state court five days after Wal-Mart removed the case in which she denies that the

damages that she seeks exceed $75,000 and to the affidavit of her attorney that baldly states that the claim is worth less than $75,000.

Because Wal-Mart is the party invoking this Court's jurisdiction, it bears the burden of demonstrating by a preponderance of the evidence that the amount-in-controversy requirement is met. *Id.* at 511. Meeting this burden, however, can prove to be difficult as the plaintiff is the master of the complaint and can provide as little information about the value of her claims in an effort to avoid federal jurisdiction. *Id.* In such an instance, a good-faith estimate of the stakes can satisfy the amount-in-controversy requirement if it is plausible and supported by a preponderance of the evidence. *Id.* Once a defendant has met this burden, the plaintiff can defeat jurisdiction only if it appears to a legal certainty that the claim is really for less than the jurisdictional amount. *Id.*

To determine whether a claim satisfies the amount in controversy, a court examines the amount necessary to satisfy the plaintiff's demands in full at the time of removal. *Oshana v. Coca-Cola, Inc.*, 472 F.3d 506, 510-511 (7th Cir. 2009). Post-removal events, even an irrevocable promise not to accept more than that amount-in-controversy requirement, are not sufficient to defeat jurisdiction. *Rising Moore v. Red-Roof Inns, Inc.*, 435 F.3d 813, 816 (7th Cir. 2006). Hoidas's claim that she seeks less than the jurisdictional minimum — based solely on the claim of her attorney is thus not relevant.

A party seeking to establish jurisdiction may base its good faith estimate on answers to contention interrogatories, admissions in state court, or calculations from the complaint's allegations. *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 541 (7th Cir. 2006). Although Hoidas's Complaint is stark, it is not barren of allegations that suggest that she seeks an amount in excess of the jurisdictional minimum. The Complaint states that it seeks a sum in excess of the jurisdictional amount for cases brought before Law Division of the Circuit Court of Cook County and relies upon an affidavit

from counsel averring that her damages are in excess of $50,000. The Complaint contains other allegations that speak to her damages. She claims that she "sustained severe and permanent injuries," that she will be "hindered and prevented from attending to her usual duties and affairs of life," that she has "suffered a decreased earning capacity," that she has suffered "great pain and anguish, both in mind and body, and will in the future continue to suffer" such pain and anguish, and that she has expended and will expend "large sums of money for medical care and services." Given her admission that she seeks more than $50,000 coupled with her claims of lost work, decreased earning capacity, and continued medical bills, the Court finds that Wal-Mart has met its burden of demonstrating that the preponderance of the evidence supports a good faith estimate that Hoidas seeks more than the jurisdictional minimum. *See Andrews v. E.I. DuPont De Nemours & Co.*, 447 F.3d 510, 515 (7th Cir. 2006) (relying on allegations of pain and suffering and medical care to find that amount in controversy exceeded $75,000). Hoidas points to no evidence that would demonstrate to a legal certainty that her claim is for less than the jurisdictional minimum.

Because the Court has dismissed Coonradt as fraudulently joined, the parties are diverse and the amount in controversy exceeds $75,000. The Court therefore DENIES Hoidas's Motion to Remand.

IT IS SO ORDERED.

4/30/10
Dated

Hon. William J. Hibbler
United States District Court

5