# United States District Court, Northern District of Illinois



| Name of Assigned Judge or Magistrate Judge | William J. Hibbler | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 7409 | **DATE** | May 13, 2011 |
| **CASE TITLE** | Hoidas v. Wal-Mart Stores, Inc | | |

**DOCKET ENTRY TEXT:**

The Court DENIES Wal-Mart's Motion to Dismiss (doc. #67).

■[ For further details see attached order.]   Docketing to mail notice.

## STATEMENT

Connie Hoidas sued Wal-Mart Stores, Inc., alleging that she had fallen and injured herself because of a pothole in a Wal-Mart parking lot. Among other claims, Hoidas alleges that Wal-Mart's failure to repair the parking lot was willful and wanton and seeks punitive damages due to that failure. Wal-Mart argues that Hoidas has not stated a claim for willful and wanton misconduct and moves to dismiss.

Wal-Mart's motion is based on a fundamental misunderstanding of the pleading requirements. Federal courts sitting in diversity apply state substantive law, but follow federal procedural rules. *Wallace v. McGlothan*, 606 F.3d 410, 419 (7th Cir. 2010) (citing *Erie R.R. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed.2d 1188 (1938)). Wal-Mart, however, cites a bevy of Illinois state appellate cases to support the notions that Hoidas has pleaded insufficient facts to state a claim for willful and wanton misconduct and that such claims are routinely dismissed based on the pleadings. In relying on these cases, Wal-Mart seems unaware that in contrast to the Federal pleading standards set forth in Rule 8 and clarified by the Supreme Court in *Bell Atl. Corp. v. Twombly*, *Erickson v. Pardus*, and *Ashcroft v. Iqbal*, Illinois requires fact-pleading and that federal courts sitting in diversity apply federal pleading rules. *Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Serv., Inc.*, 536 F.3d 663, 670 (7th Cir. 2008). Under Rule 8, a plaintiff need only make a short and plain statement showing that she is entitled to relief and need not state specific facts. *Erickson v. Pardus*, 551 U.S. 89, 93, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007).

Wal-Mart's motion is replete with misstatements of these elementary rules of civil procedure. For example, immediately after suggesting that the Court should apply Illinois law and failing to distinguish between substantive and procedural law, Wal-Mart states that "in order to state a claim of willful and wanton conduct in

| STATEMENT |
|---|

Illinois, a plaintiff is required to *prove* that the defendant's behavior was far more than mere negligence." (emphasis added). But of course, at this stage of the litigation, a plaintiff need not *prove* anything. Later, Wal-Mart argues that Hoidas "fail[ed] to plead any facts alleging a deliberate intent to harm." But of course, as *Erickson* instructs, pleading specific facts is not necessary. In its reply, Wal-Mart even refers to the Illinois statute governing motions to dismiss and shortly thereafter argues that Hoidas has failed to "provid[e] any evidence regarding why the Defendant should be charged with such behavior." A plaintiff need not "provide evidence" in response to a motion to dismiss.

Even putting aside Wal-Mart's fundamental misunderstanding of the pleading requirements, its motion is utterly baseless. Under Illinois law, willful and wanton misconduct includes not only intentional misconduct, but also conduct where the defendant fails, after knowledge of impending danger, to exercise ordinary care to prevent the danger or even failure to discover the danger through carelessness when ordinary care would have led to its discovery. *Ziarko v. Soo Line R.R. Co.*, 161 Ill. 2d 267, 274 (1994). In other words, where there is reckless disregard or indifference to the rights and health of others, a defendant may be found to have acted willfully and wantonly. *Tagliere v. Western Springs Park Dist.*, 944 N.E.2d 884, 890 (Ill. App. Ct. 2011). It is an area of fault lying between actual malice and negligence. *Id.*

Contrary to Wal-Mart's assertions, Hoidas does in fact allege several facts that put it on notice of its reckless disregard for the health of its customers. Among other things, Hoidas alleges that even though Wal-Mart hired a contractor to fix the potholes in its parking lot, it did not inspect or otherwise supervise the contractor's work to determine if it had been done properly. She further alleges that the pothole was in a portion of the parking lot where Wal-Mart's managerial staff necessarily would have noticed it. Hoidas alleges that the pothole had been there for numerous weeks. And she alleges that Wal-Mart's managerial staff took no precautions to protect pedestrians against the danger the pothole posed. It may be true that Hoidas has pleaded no facts to demonstrate why the pothole itself was unreasonably dangerous — facts that an Illinois court might require, *see Callaghan v. Village of Clarendon Hills*, 401 Ill. App. 3d 287, 301-02 (Ill. App. Ct. 2010) (dismissing claim because plaintiff pleading no facts to explain why snow pile was dangerous). Federal pleading standards do not require her to do so. Rather, she must plead sufficient facts to demonstrate that it is plausible to infer that Wal-Mart knew about the pothole and that the pothole created a risk to the health of others. Hoidas has done so.

The Court DENIES Wal-Mart's Motion to Dismiss Count III of Hoidas's Second Amended Complaint.

*Wm. J. Hibbler*