22284-JMR                                                                                                              6283810

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| CONNIE HOIDAS and JAMES HOIDAS, ) | |
| ) | |
| Plaintiffs, ) | |
| v. ) | No: 09 cv 7409 |
| ) | |
| WAL-MART STORES, INC. ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT WAL-MART STORES, INC.'S
MOTION FOR JUDGMENT AS A MATTER OF LAW**

NOW COMES Defendant WAL-MART STORES, INC., by and through its attorneys, James P. Balog and Jennifer M. Reddien, and moves this Court for judgment as a matter of law on Plaintiff's claim for punitive damages (Count III of Plaintiff's Second Amended Complaint), and in support thereof, states as follows:

**INTRODUCTION**

Plaintiffs, Connie and James Hoidas, filed their original Complaint stemming from an incident that occurred in the parking lot of the Bridgeview, Illinois Wal-Mart on May 30, 2009. Plaintiffs allege that Wal-Mart was negligent by failing to maintain the parking lot, and allowing a pothole to exist, which allegedly caused Plaintiff Connie Hoidas to fall and sustain injuries.

On January 13, 2011, Plaintiffs filed a Second Amended Complaint, adding Count III, for willful and wanton misconduct. (See Exhibit A, Plaintiff's Second Amended Complaint, Count III). In Count III, Plaintiffs allege that the existence of the pothole amounted to willful and wanton misconduct on the part of Defendant and pray for an

award of punitive damages. (Exhibit A). In short, the Plaintiffs have failed to provide any evidence to draw any inference that the Defendant's conduct rose to the level of willful and wanton conduct. Therefore, Wal-Mart is entitled to a judgment as a matter of law on Count III of Plaintiffs' Second Amended Complaint's allegation of willful and wanton misconduct.

## STANDARD OF REVIEW

A federal court sitting in diversity applies federal law to determine whether a party is entitled to judgment as a matter of law. *Groom v. Days Inn of Am., Inc.*, 62 F.3d 204, 207 (7th Cir. 1995). Under Federal Rule of Civil Procedure 50, judgment as a matter of law is appropriate when "a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue." *Reeves v. Sanderson Plumbing Prods.,* 530 U.S. 133, 149 (2000) (quoting Fed. R. Civ. P. 50(a)); *see also Robinson v. McNeil Consumer Healthcare*, 671 F. Supp. 2d 975, 980 (N.D. Ill. 2009). A party can make a motion for judgment as a matter of law at any time before the case is submitted to the jury; the motion must identify the judgment sought and the facts and law which support the judgment. Fed. R. Civ. P. 50(a)(2). Upon such a motion, the court must "examine the evidence presented, combined with any reasonably drawn inferences and determine whether that evidence sufficiently supports the verdict when viewed in the light most favorable to the non-moving party." *Tincher v. Wal-Mart*, 118 F.3d 1125, 1129 (7th Cir. 1997) (quoting *Emmel v. Coca-Cola Bottling Co.*, 95 F.3d 627, 629 (7th Cir. 1996)). In essence, the court must find that no reasonable juror could have found on behalf of the plaintiff.

A federal district court sitting in diversity jurisdiction applies the law of the state in which it sits to resolve a claim of willful and wanton misconduct. *See Jackson v. Bunge Corp.,* 40 F.3d 239 (7th Cir. 1994); *see also DUAP AG, Corp., v. United Exposition Serv., Co.,* 87 C 7535, 1988 U.S. Dist. LEXIS 3869, **13-15 (N.D. Ill. April 22, 1988). In order to state a claim of willful and wanton misconduct in Illinois, a plaintiff must prove that the defendant's behavior was *far more than mere negligence*; the defendant must have acted with deliberate intent to harm, or acted with an utter indifference to, or conscious disregard for, the safety of others. *Newby v. Lake Zurich Comm. Unity,* 482 N.E.2d 1061, 1065 (2d Dist. 1985) (emphasis added). Whether a defendant is liable for willful and wanton conduct is usually a question of fact to be submitted to the jury, but where no other conclusion can be drawn at the close of evidence but for one in favor of the defendant, state courts may direct a verdict regarding willful and wanton conduct. *Canning v Barton*, 637 N.E.2d 702 (1st Dist 1994).

## ARGUMENT

The main focus of the court's determination of whether a claim for willful and wanton conduct is appropriate is the defendant's state of mind at the time of the alleged breach. *Newby,* 482 N.E.2d at 1066. The defendant must display tortious conduct which was performed intentionally. *Canning*, 637 N.E.2d at 704; *see also Burke v. 12 Rothschild's Liquor Mart, Inc.*, 593 N.E.2d 322, 530 (1992) (willful and wanton conduct comes close to the same moral blame that attaches to intentional harm because the defendant deliberately exposes a highly unreasonable risk of harm to others and consciously disregards it). There must be some indication that the defendant intended to harm or that he or she acted with utter disregard for human safety. *Newby,* 482 N.E.2d at

1066. In other words, the defendant must have the requisite degree of culpability to support a charge of willful and wanton misconduct. *Fitzpatrick v. ACF Properties Group*, 595 N.E.2d 1327, 1340 (2d Dist. 1992).

The purpose of imposing punitive damages against a defendant is not to compensate the plaintiff; it is to punish the defendant. Therefore, courts hold that errors of judgment, mistake and mere inadvertence do not constitute willful and wanton or reckless behavior. *Fitzpatrick v. ACF Properties Group*, 595 N.E.2d 1327, 1340 (2d Dist. 1992) (quoting, *Bresland v. Ideal Roller & Graphics Co.*, 501 N.E.2d 830 (1st Dist. 1986)). An award for punitive damages is only appropriate where the defendant's conduct involves some element of outrage *similar* to that usually found in crime. *Id.* (emphasis added). The conduct must be "outrageous, either because the defendant's acts are done with an evil motive or because they are done with reckless indifference to the rights of others." *Id.* Without proof of intentional conduct or conduct rising to the level of "moral blame," the Plaintiffs cannot sustain a claim for punitive damages.

Plaintiffs' claim for punitive damages must be barred because no reasonable juror could find that plaintiff's injury resulted from Wal-Mart's intentional conduct or Wal-Mart's reckless disregard for the safety of others, such as a failure, after knowledge of impending danger, to exercise ordinary care to prevent the injury or a failure to discover the danger through recklessness or carelessness when it could have been discovered by ordinary care. *See Lynch v. Board of Ed.*, 412 N.E.2d 447, 457 (1980). Therefore, based on the evidence presented in Plaintiff's case in chief, the Plaintiffs are not entitled to punitive damages as a matter of law.

**I. Wal-Mart's Conduct was Not Intentional and its Failure to Repair or Warn of the Pothole did not Constitute an Utter indifference to or Conscious Disregard towards its Customers' Safety.**

The Plaintiffs have failed to present any evidence that Wal-Mart acted intentionally. Moreover, Defendant's alleged failure to repair or warn of the pothole does not constitute an utter indifference to or conscious disregard towards its customers' safety. In fact, during trial, Store Manager, Bob Coonradt, testified that he is concerned for the safety of his customers. Furthermore, Defendant did not have the pre-requisite knowledge of the pothole's existence before the Plaintiff fell. *Bartolucci v. Falleti,* 46 N.E.2d 980 (Ill. 1943)

In *Bartolucci*, the plaintiff alleged willful and wanton conduct and sought punitive damages from the defendant due to injuries sustained after being struck while defendant was driving a car with steering wheel problems. 46 N.E.2d 980. The supreme court affirmed the appellate court's finding that there was no evidence to support willful and wanton conduct where the driver had no prior knowledge of any problems with the wheel prior to the accident. *Id.* at 983. The court held that to constitute a wanton act, the party doing the act or failing to act must be conscious of his conduct, and, though having no intent to injure, must be aware, from his *knowledge* of the surrounding circumstances and existing conditions, that his conduct will naturally and probably result in injury. *Id.*

In this case, Defendant's alleged failure to repair or warn of the pothole does not constitute a conscious and utter disregard for the safety of its patrons, or wanton conduct, because Defendant had no prior knowledge or notice of the pothole or any complaints or injuries caused by the pothole. Without an indication of anything more than a claim for ordinary negligence, the facts are insufficient to establish a cause of action based upon

5

utter indifference or a conscious disregard for the plaintiff's safety, and the Plaintiffs' claim for punitive damages should be barred. *See Thurman v. Champaign Park Dist.*, 2011 Ill. App. *LEXIS* 820 at *17 (4th Dist. 2011) (dismissal of the plaintiff's complaint was upheld for insufficient factual allegations to show that the defendant acted intentionally to cause harm or had any knowledge that its conduct posed a danger to others.). Because the Defendant indisputably lacked the pre-requisite knowledge of the pothole required for its alleged conduct or omission to rise to the level of willful or wanton, the Plaintiffs' claim for punitive damages must be barred as a matter of law.

### a. Wal-Mart did not have actual notice of the pothole.

Plaintiffs have failed to present any evidence that Wal-Mart acted with a deliberate intent to harm its customers. The Plaintiffs allege that Defendant's actions amounted to willful and wanton misconduct due to Defendant's failure to repair or warn Plaintiffs of the pothole in the parking lot. (See Exhibit A). Yet, in order for Defendant's conduct to rise to the level of willful or wanton, the defendant must possess ***actual knowledge*** of the alleged condition.

All of Defendant's witnesses in this case have testified that they had no knowledge of the pothole prior to Plaintiff's fall. Even though Defendaint's employee, Chris Smith, testified that he saw the pothole a few days before the incident while he was shopping at the store on his day off, he could not identify exactly when he saw the pothole and emphatically maintains that the pothole was not present within seven days before plaintiff's fall.

Furthermore, there were no similar incidents that could have placed Wal-Mart on notice of the existence of the pothole prior to Plaintiff's incident. Absent knowledge of

the existence of the pothole prior to Plaintiff's fall, Defendant's failure to repair or warn cannot, and does not, constitute willful or wanton conduct, or an omission. The Plaintiffs must establish that the Defendant knew of the pothole and purposefully failed to take action or repair it.

### b. Wal-Mart did not have constructive notice of the pothole.

In addition to actual knowledge, Plaintiffs have failed to establish that Defendant had constructive knowledge of the pothole because there are no facts or evidence to indicate when the pothole was created and how long it existed prior to the plaintiff's fall.

None of the witnesses, including Connie Hoidas, James Hoidas and their retained expert, Dr. David Jacobson, know how long the pothole existed or when it first formed. Plaintiff, Connie Hoidas even testified that she traveled to the Wal-Mart store once each week and never saw the pothole before the date of her incident. Although there is evidence that before the incident the parking lot surface was last repaired by an independent contractor on April 29, 2009, there are no facts in the record to indicate when the pothole in question first formed and how long it existed prior to the plaintiff's fall. Notably, this evidence demonstrates that the Defendant was actually exercising due care by having the parking lot surface repaired after the winter season and just before the alleged incident. Additionally, during trial, Store Manager, Bob Coonradt, testified that he inspects the parking lot at least once a month for, amongst other things, debris and potholes. Thus, exercising due care to maintain the parking lot and keep it safe for customers.

Constructive knowledge presumes a dangerous condition existed at the time when the defendant should have reasonably known of such condition. Potholes and/or

sinkholes can be created instantaneously. Therefore, even assuming *arguendo* that the Defendant should have conducted inspections of the parking lot on a more regular basis, the Plaintiffs have not presented any evidence regarding when the pothole formed. Without this temporal evidence, the Plaintiffs simply cannot establish that Defendant should have reasonably discovered the pothole, in order to timely warn or repair it before Plaintiff fell. Constructive notice requires proof that the pothole existed for a sufficient length of time so that in the exercise of ordinary care, its presence should have been discovered. *See Hayes v. Bailey*, 400 N.E.2d 544 (3d Dist. 1980).

In short, because the Plaintiffs cannot establish either constructive or actual knowledge of any dangerous condition, the elements required to prove common law negligence, it naturally follows that they cannot prove Defendant's conduct or omission rose to the level of willful or wanton misconduct. Although Plaintiffs offered testimony by David Jacobson regarding how and when potholes form, Plaintiffs have failed to provide any evidence regarding the length of time the subject pothole existed prior to the Plaintiff's incident. In fact, the repair records indicate that the pothole did not exist on April 29, 2009 and the testimony of Chris Smith confirms the pothole did not exist one week prior to the incident. As such, any determination regarding when the pothole formed and whether Wal-Mart had notice of it is pure speculation and not based on the evidence presented throughout trial. Thus, there is no evidence to support the Plaintiffs' allegation of willful and wanton conduct – a conscious disregard for the safety of Defendant's customers – and prayer for punitive damages. Therefore, Count III of Plaintiffs' Second Amended Complaint must be dismissed as a matter of law.

## CONCLUSION

As explained in *Bresland v. Ideal Roller & Graphics Co.*, punitive damages exist for situations where the Defendant engaged in particularly outrageous conduct, similar to that of a crime, which is morally reprehensible in some way. 501 N.E.2d 830 (1st Dist. 1986). Plaintiffs have failed to establish that Wal-Mart intended to harm its customers by failing to warn or repair of the pothole in the parking lot or that its conduct was outrageous. Further, Plaintiffs have failed to show Defendant had actual or constructive notice of the pothole, which is the standard for mere negligence. Therefore, clearly, Wal-Mart's conduct did not rise to the level of willful and wanton misconduct.

The record unequivocally demonstrates that any failure by the Defendant to repair or warn of the pothole was not an intentional act or omission to harm the plaintiff or a conscious and utter disregard for her safety. As such, Plaintiffs' claim of willful and wanton conduct and prayer for punitive damages fails as a matter of law. As a result, Count III of Plaintiff's Second Amended Complaint must be dismissed and judgment as a matter of law must be entered in Wal-Mart's favor and against Plaintiffs.

WHEREFORE, for the foregoing reasons, Defendant, WAL-MART STORES, INC. respectfully requests that this Honorable Court grant its Motion for Judgment as a Matter of Law on Count III of Plaintiff's Second Amended Complaint, barring the Plaintiffs' claim for willful and wanton conduct, seeking punitive damages, and for any other relief deemed equitable and just.

Respectfully Submitted,

By: /s/ Jennifer M. Reddien
Jennifer M. Reddien, Attorney for
Defendant Wal-Mart Stores, Inc.

James P. Balog #6185185
Jennifer M. Reddien #6283810
Attorney for Defendant
O'Hagan Spencer LLC
One East Wacker Drive, Suite 3400
Chicago, Illinois 60601
(312) 422-6100

## CERTIFICATE OF SERVICE

I hereby certify that on November 14, 2011, a copy of foregoing was filed electronically and served by e-mail and via U.S Mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF System.

**Attorneys for Plaintiff**
Keith Davidson, Esq.
The Law Offices of Keith L. Davidson
2 North LaSalle St. Suite 1600
Chicago, Illinois 60602
Phone: 312-419-0544 (Dave)
**FAX: (312) 419-0758**
keithdavidson@kldlawoffices.com

**Additional Attorneys for Plaintiff**
Barth Goldberg, Esq.
Goldberg & Goldberg
33 N. Dearborn Street, #1930
Chicago, IL 60602
Phone: (312) 368-0255
**FAX: (312) 368-0368**
**Does not receive e-filing sent via U.S. Mail**

By: s/Jennifer Reddien
Jennifer Reddien one of the
Attorneys for Defendant
Wal-Mart Stores, Inc.
O'Hagan Spencer
1 East Wacker Drive, Suite 3400
Chicago, IL 60601
(312) 422-6100
(312) 422-6110 (Fax)
Email: jreddien@ohaganspencer.com